UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ESTATE OF DEAN DISABATO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:15-CV-828 JAR |
|  | ) |  |
| NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND, and SPRINKLER INDUSTRY SUPPLEMENTAL PENSION FUND,[1] | ) ) ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss. (Doc. No. 8) The motion is fully briefed and ready for disposition.

**Background**

Dean Disabato, deceased, was employed as a fire suppression systems installer from approximately 2002 until his death in September 2012. (Petition ("Pet."), Doc. No. 4 at ¶ 6) During his employment, Disabato participated in the National Automatic Sprinkler Industry ("NASI") Pension Plan, Supplemental Pension Plan, and Welfare Fund (collectively "the Plans"). (Id. at ¶ 7) Katherine Harper (f/n/a Katherine Disabato) was named by Disabato as the primary beneficiary under the Plans. (Id. at ¶ 9) Disabato and Ms. Harper divorced in 2007 (id. at ¶ 10), and in 2008, Disabato attempted to change his beneficiary designation to remove her as the

---

[1] The names of Defendants have been corrected on Defendant's Motion to Substitute/Correct Name of Defendants. (See Doc. No. 16) The Clerk of Court is hereby directed to change the caption of this case accordingly.

primary beneficiary under the Plans (id. at ¶ 12). NASI made the changes to the medical/health insurance portion of the Welfare Fund; however, the beneficiary designation on the Pension Plan and Supplemental Pension Plan, as well as the life insurance portion of the Welfare Fund remained unchanged. (Id. at ¶ 13) In March 2014, the Pension and Insurance Plan benefit payments were paid by NASI to Katherine Harper in the amount of $133,170.99. (Id. at ¶ 14) At least $15,000 of this amount consisted of the life insurance portion of the NASI Welfare Fund. (Id.) Plaintiff Estate of Dean Disabato alleges that NASI, through its employees and/or agents, was aware of Disabato's divorce and knew or should have known that he desired to change his beneficiary designations on all Plan documents yet failed to do so (id. at ¶¶15-17), thereby damaging Plaintiff.

Plaintiff filed its Petition in the Circuit Court of St. Louis County against the Plans. In Count I, Plaintiff asserts a state common law claim for negligence, alleging NASI "breached its duty of care in failing to change the beneficiary designation on the life insurance portion of the NASI Welfare Fund." (Id. at ¶ 20) In Count II, Plaintiff asserts a state common law claim for tortious interference with expectancy, alleging Disabato relied on NASI's misrepresentation that it had changed the life insurance beneficiary designation, and that but for that misrepresentation, "the Estate would have received the life insurance benefit." (Id. at ¶ 31) In Counts III and IV, Plaintiff asserts state common law claims for fraud in the inducement and negligent misrepresentation, which again state that NASI knowingly or negligently misrepresented to Disabato that it had changed his beneficiary designations to remove his former spouse. (Id. at ¶¶ 35-39; 43-48) The case was timely removed to this Court on May 26, 2015. (Doc. No. 1) Defendants move to dismiss Plaintiff's petition on the basis of preemption under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.

**Arguments of the parties**

In support of their motion to dismiss, Defendants argue that Plaintiff's state common law claims to recover benefits under the Pension and Insurance Plans are preempted by ERISA, 29 U.S.C. § 1132(a), and that Plaintiff has failed to state a claim for relief under ERISA. (Doc. No. 9 at 6-7) Defendants further argue that even if Plaintiff's petition could be construed to assert a claim for benefits under ERISA, Plaintiff has failed to allege it exhausted its administrative remedies. (Id. at 8-9) Alternatively, Defendants argue Plaintiff's petition should be dismissed because it does not put the Defendants on notice of the claims against them, and thus does not state a claim for relief under federal pleading standards. (Id. at 9-10)

Plaintiff responds it is not seeking benefits under an ERISA plan; rather, it is asserting common law claims that agents or employees of NASI acted negligently and/or fraudulently in failing to change the beneficiary designations in the plan documents. (Doc. No. 13 at 3-4) "The mere fact that the relief to be afforded to an employee or former employee under state law may involve an employee benefit plan … will not result in ERISA preemption." (Id. at 2) (quoting Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1406-07 (11th Cir. 1994)). In addition, Plaintiff asserts it is neither a participant nor beneficiary under the Pension and Insurance Plans and, thus cannot maintain a cause of action under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a). (Doc. No. 13 at 4-5)

With regard to Defendants' exhaustion argument, Plaintiff responds that a claimant is only required to exhaust remedies under an ERISA plan when it has been notified of a denial of a claim by the Plan and of the appeals process. (Id. at 5) (citing Conley v. Pitney Bowes, 34 F.3d 714 (8th Cir. 1994)). Here, Plaintiff was given no such notice. Lastly, Plaintiff maintains it has sufficiently pled facts to state a claim for relief under Ashcroft v. Iqbal, 556 U.S. 662 (2009) and

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). (Doc. No. 13 at 6) Alternatively, Plaintiff seeks leave to amend its complaint.

Defendants reply that the estate of an ERISA plan participant clearly has standing to recover plan benefits under § 1132(a). (Doc. No. 15 at 3) (citing Geissal v. Moore Med. Corp., 338 F.3d 926, 931 (8th Cir. 2003); Box v. Goodyear Tire & Rubber Co., 51 F. Supp.3d 1147, 1152-53 (N.D. Ala. 2014)). Defendants further reply that the essence of Plaintiff's claims rests on a denial of benefits, thus triggering preemption. (Id. at 3-5) (citing Ibson v. United Healthcare Services, Inc., 776 F.3d 941, 945 (8th Cir. 2014); Hull v. Fallon, 199 F.3d 939, 932 (8th Cir. 1999); Noel v. Laclede Gas Co., 612 F. Supp. 2d 1051, 1060 (E.D. Mo. 2009)).

**Discussion**

29 U.S.C. § 1132(a)(1)(B) provides that a beneficiary may bring a civil action in federal court to recover benefits due him or her under the terms of an employee benefit plan. As relevant, § 1144(a) provides that ERISA preempts state laws insofar as they "relate to any employee benefit plan." When considering the application of ERISA's preemption provision, a state law "relates to" an employee benefit plan if it has a connection with or reference to such a plan. See Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985) (citation omitted); Estes v. Fed. Express Corp., 417 F.3d 870, 872 (8th Cir. 2005) (Plaintiff's "state law claims are preempted if the claims relate to an employee benefit plan, 29 U.S.C. § 1144(a), such that they [1] have a connection with or [2] reference to such a plan.") (internal citations omitted).[2]

---

[2] The Eighth Circuit has defined several factors to be considered in determining whether a state law has a connection with an ERISA plan. The factors include whether the state law: (1) negates an ERISA plan provision; (2) affects relations between primary ERISA entities; (3) impacts the structure of ERISA plans; (4) impacts the administration of ERISA plans; (5) has an economic impact on ERISA plans; (6) is consistent with other ERISA provisions; and (7) is an exercise of traditional state power. Arkansas Blue Cross and Blue Shield v. St. Mary's Hosp., Inc., 947 F.2d 1341, 1344-45 (8th Cir.1991). Courts must look

The Eighth Circuit has held that state tort law "claims of misconduct against the administrator of an employee's [benefit] plan fall comfortably within ERISA's broad [express] preemption provision." Shea v. Esensten, 107 F.3d 625, 627 (8th Cir. 1997) (tort claims that an ERISA plan wrongfully failed to disclose major limitations on a participant's health care benefits are expressly preempted); Kuhl v. Lincoln Nat. Health Plan of Kansas City, Inc., 999 F.2d 298, 302-03 (8th Cir. 1993) (medical malpractice claim against ERISA plan's alleged misconduct in delaying participant's heart surgery expressly preempted). Courts consistently "opt[ ] for preemption in common law tort claims when the essence of the cause of action rests on the denial of benefits." Goldstein v. Media Mgmt., Inc., No. 4:12-CV-1021-JAR, 2012 WL 4793741, at *2 (E.D. Mo. Oct. 9, 2012) (quoting Jones v. Kum & Go, LC, No. 4:09-CV-0419-TCM, 2010 WL 1371761, at *3 (E.D. Mo. Apr. 7, 2010) (citing California Div. of Labor Standards Enforcement v. Dillingham Const., N.A., Inc., 519 U.S. 316, 324-25 (1997)). See also Gleason v. SSM Health Care St. Louis, No. 4:11-CV-1182-JAR (E.D. Mo. May 29, 2012) (Memorandum and Order, Doc. No. 41 at 2-3) (negligent misrepresentation claim expressly preempted).

Plaintiff argues its claim does not fall within the scope of § 1132(a)(1)(B) because it is bringing suit for a legal duty independent of ERISA, not a wrongful denial of benefits under the Plans. (Doc. No. 13 at 3) It is clear, however, that Plaintiff is essentially challenging the distribution of benefits under the Plans and seeking to recover benefits it believes are due the Estate. Plaintiff alleges the Plans breached their duty to change Disabato's beneficiary designations under the Plans, and that the Estate suffered the loss of Plan benefits as a result. (See Pet. at ¶¶ 25, 31) ("The Estate expected an interest in the proceeds of Dean Disabato's life

---

at the totality of the state law's impact on the ERISA plan, and no one factor is determinative of the preemption issue. Id.

insurance under the NASI welfare fund," and that "[b]ut for NASI's misrepresentation, the Estate would have received the life insurance benefit."). The essence of Plaintiff's claims, however characterized, is a denial of benefits. Thus, Plaintiff's claims "relate to" the Plans and are, therefore preempted by ERISA.

Because it is unclear how Plaintiff's complaint would be amended to state a claim for relief under ERISA, the Court will grant Defendants' motion to dismiss and dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [8] is **GRANTED** and this action is **DISMISSED without prejudice**.

A separate Judgment of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of March, 2016.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**